■ STEVEN HALLIDAY et al., Appellants, v VICTORIA STEVENS et al., Defendants, and MORNING PRIDE MANUFACTURING, LLC, Respondent. [865 NYS2d 688]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County (Flug, J.), entered July 5, 2007, as, upon so much of an order of the same court entered October 25, 2006, as granted those branches of the motion of the defendant Morning Pride Manufacturing, LLC, which were for summary judgment dismissing the causes of action alleging defective design and manufacture of certain items of firefighting gear used by the injured plaintiff, dismissed those causes of action insofar as asserted against the defendant Morning Pride Manufacturing, LLC.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The defendant Morning Pride Manufacturing, LLC (hereinafter Morning Pride), established its entitlement to judgment as a matter of law by demonstrating that certain items of firefight-

ing gear used by the injured plaintiff were neither defectively manufactured nor defectively designed by it. In response, the plaintiffs failed to raise a triable issue of fact as to either of these causes of action. Accordingly, the Supreme Court properly determined that Morning Pride was entitled to summary judgment dismissing the plaintiffs' causes of action alleging that it defectively designed and manufactured certain items of firefighting gear used by the injured plaintiff, and thereafter, properly entered judgment thereon (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Rivera, J.P., Spolzino, Florio and Leventhal, JJ., concur.